IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN K. BLEACHER,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CRISTINE RIVERS, et al.,** | : | |
| Defendants | : | NO. 05-756 |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                                                                                                                      FEBRUARY 12, 2007

Kevin K. Bleacher brought this action pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988 against various probation and parole officers, including Christine Rivers, Linda Waller, Scott MacDermott, Susan M. McKim and James Hanberry (collectively, "Defendants"),[1] alleging that each of the named defendants lied or otherwise conspired during Mr. Bleacher's violation of probation hearing during which Mr. Bleacher was found to be guilty of violating his probation on an underlying Criminal Attempt (Luring a Child into a Motor Vehicle) guilty plea. Mr. Bleacher also asserts that the Defendants did not have probable cause for his arrest on the probation violation. The Defendants filed a Motion for Summary Judgment on May 30, 2006, which was

---

[1] The official caption cites only Christine Rivers (incorrectly named as Cristine Rivers), Linda Waller, Susan M. McKim and James Hanberry (incorrectly named as James Hansberry). However, the Amended Complaint names all of the above individuals as defendants. The other alleged defendants identified in the Amended Complaint (City of Lancaster, Lancaster County District Attorney's Office, Lancaster County Probation and Parole Department, Lancaster County, Camille Richesson, T.W. Ponessa and Herbert Crystle) were dismissed with prejudice by the Middle District of Pennsylvania on November 22, 2004 and February 15, 2005. See Order Adopting in Part and Rejecting in Part Report and Recommendation, Docket No. 16, Civil Action No. 04-1202 (M.D. Pa. Nov. 22, 2004); Order Adopting Report and Recommendation, Docket No. 24, Civil Action No. 04-1202 (M.D. Pa. Feb. 15, 2004).

certified to have been served on Mr. Bleacher. Pursuant to Local Rule 7.1, Mr. Bleacher's response, if any, was due on June 13, 2006. Notwithstanding the Court's Order of July 10, 2006, which advised that the Motion would be considered unopposed if no response was received by July 28, 2006, Mr. Bleacher has not responded to the Motion. Therefore, the Court will consider the Motion as unopposed. For the following reasons, the Court will grant the Motion for Summary Judgment in favor of the Defendants.

I.   **FACTUAL AND PROCEDURAL BACKGROUND[2]**

Mr. Bleacher was convicted of rape in 1984 in the Pennsylvania Court of Common Pleas for Lancaster County and sentenced to 4 to 10 years imprisonment. In 1989, he was paroled and remained on parole for the rape conviction until June 23, 1995. On October 24, 1995, the Pennsylvania Legislature enacted the Registration of Sexual Offenders Act, 42 Pa. C.S. §§ 9791-9799, better known as "Megan's Law," which, effective April 24, 1996, required that persons convicted of various sexually violent offenses, including rape, register a current address with the State Police for a period of 10 years upon release from incarceration, upon parole, or upon commencement of probation or a term of intermediate punishment. 42 Pa. C.S. §§ 9793 (repealed May 10, 2000) (now 42 Pa. C.S. §§ 9795.1). On July 29, 1997, after receiving notification of the registration requirement, Mr. Bleacher duly executed a Sexual Offender Registration Notification form indicating his current address. On August 6, 1998, the State Police mailed address verification paperwork to the address submitted by Mr. Bleacher and it was returned unopened. As it turned out, Mr. Bleacher no longer resided at that address and had

---

[2] These facts are taken from the Defendants' "Statement of Uncontested Facts," which the Court will consider as uncontested since Mr. Bleacher has not filed any response in opposition to the Defendants' Motion.

2

failed to notify the State Police of his new address.  Mr. Bleacher was subsequently arrested and charged with violations of the registration and verification requirements of Megan's Law, as well as with Criminal Attempt (Luring a Child into a Motor Vehicle).  Mr. Bleacher entered into a plea agreement by which he pleaded guilty to both offenses and the Commonwealth agreed to concurrent time-served sentences plus five years of probation on each charge.

Once paroled, Mr. Bleacher immediately came under the supervision of the Sex Offender Program of the Lancaster Probation and Parole Office, which performed a search of Mr. Bleacher's residence on February 14, 2002.  Probation officers seized some 200 pornographic magazines, six pornographic videotapes, and newspaper clippings of young females, and arrested Mr. Bleacher for violation of his conditions of release.  A violation hearing was conducted on May 29, 2002, after which Mr. Bleacher's probation was revoked and he was sentenced to three-and-a-half to seven years imprisonment on the Megan's Law violation and two-and-a-half to five years on the Criminal Attempt charge.

Mr. Bleacher timely filed a Post Conviction Relief Act ("PCRA") petition in the Lancaster County Court of Common Pleas, and, on August 25, 2003, the court vacated Mr. Bleacher's guilty plea and probation violation sentence with respect to the Megan's Law charges on the ground that Mr. Bleacher was not subject to the registration requirements because he had completed his sentence on the underlying rape conviction before Megan's Law went into effect.  Mr. Bleacher also sought to vacate his Criminal Attempt guilty plea, arguing that he would not have pleaded guilty to the Criminal Attempt charge absent the Megan Law's charges, which carry lengthy sentences.  The court, however, upheld Mr. Bleacher's guilty plea to the Criminal

Attempt charge and the subsequent probation violation on that charge.[3]  On September 11, 2003, Mr. Bleacher appealed, and, on October 8, 2004, the Superior Court of Pennsylvania affirmed the lower court's decision.[4]

On February 17, 2005, Mr. Bleacher filed this Section 1983 action in the Middle District of Pennsylvania, which was transferred to this Court on February 24, 2005.[5]  Defendants' summary judgment motion followed thereafter.  Service of the motion, as well as the Court's admonition concerning the risk of nonresponse, was made upon Mr. Bleacher at the address he had provided.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 56(c) governs unopposed motions for summary judgment.  See also E.D. Pa. Local Rule of Civil Procedure 7.1(c).

Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if the evidence is

---

[3] Commonwealth v. Bleacher, Post Conviction Relief Act Order of August 25, 2003, Nos. 213 and 214 CR 1999 (Lancaster County Court of Common Pleas 2003).

[4] Commonwealth v. Bleacher, No. 1481 MDA 2003 (Pa. Super Ct. 2004) (unpublished opinion).

[5] Mr. Bleacher also filed a *pro se* Petition for Writ of Habeas Corpus on January 19, 2006 in the Eastern District of Pennsylvania (Civil Action No. 06-238) challenging the Criminal Attempt guilty plea as well as the probation violation with respect to that charge.  On June 5, 2006, the Court dismissed Mr. Bleacher's habeas petition without prejudice because Mr. Bleacher had failed to file his 28 U.S.C. § 2254 petition on the required current standard form, which was furnished to him by the Clerk of the Court.

such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the Court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case," id. at 325, or by offering affirmative evidence which demonstrates that the plaintiff cannot prove his case, Lawrence v. Nat'l Westminister Bank N.J., 98 F.3d 61, 69 (3d Cir. 1996). After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The evidence provided by the nonmovant is to be believed, and the Court must draw all reasonable and justifiable inferences in the nonmovant's favor. Anderson, 477 U.S. at 255. However, a nonmoving plaintiff cannot defeat a motion for summary judgment by merely restating the allegations of the complaint, but instead must "point to concrete evidence in the record that supports each and every essential element in his case." Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995) (citing Celotex, 477 U.S. at 322).

Pursuant to Federal Rule of Civil Procedure 56(e), when the non-moving party fails to respond to the motion, the Court may grant the moving party's motion "if appropriate." Fed. R. Civ. P. 56(e). The Court of Appeals for the Third Circuit has held that a court may

"appropriately" grant an unopposed motion for summary judgment as follows: "Where the moving party has the burden of proof on the relevant issues, . . . the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law.  Where the moving party does not have the burden of proof on the relevant issues,  . . . the district court must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

**III.   DISCUSSION**

Mr. Bleacher alleged claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1988 for violations of the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments resulting from false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, defamation, abuse of process, willful misconduct, prima facie tort, conspiracy tort, negligence and gross negligence, all arising out of Mr. Bleacher's February 14, 2002 arrest, the May 29, 2002 probation violation judgment of sentence and Mr. Bleacher's subsequent imprisonment.

The only claims remaining before the Court are Mr. Bleacher's Section 1983 claims against Christine Rivers, Scott MacDermott, Linda Waller, Susan McKim and James Hanberry.[6] Specifically, Mr. Bleacher alleges that, during their testimony at his probation violation hearing, Ms. Rivers, Mr. MacDermott, Ms. Waller and Mr. Hanberry "lied and perjured [themselves] to

---

[6] Mr. Bleacher's claims under section 1985(3) were dismissed against all remaining defendants by Order of February 15, 2004. See Order Adopting Report and Recommendation, Docket No. 24, Civil Action No. 04-1202 (M.D. Pa. Feb. 15, 2004).

systematically conspire with the other defendants to find plaintiff guilty of an alleged probation violation so plaintiff could not obtain custody of his daughter." (Amended Compl. 6-7, 9, 12.) Mr. Bleacher further alleges that Ms. McKim forged the Court of Common Pleas "Rules and Regulations of Probation or Parole" by adding fines and court costs after Mr. Bleacher had signed it[7] (id. at 12), and that Ms. Waller fraudulently submitted a Notice of Probation Violation to the court (id. at 10).

The Defendants move for summary judgment on the ground that Mr. Bleacher's Section 1983 claim for unlawful arrest and imprisonment must fail because Mr. Bleacher was convicted of the charges for which he was arrested. They further assert that summary judgment is also appropriate as to Mr. Bleacher's Section 1983 claims for violations of the First, Fifth, Eighth, Thirteenth and Fourteenth Amendments as a result of malicious prosecution, intentional infliction of emotional distress, defamation, abuse of process, willful misconduct, prima facie tort, conspiracy tort, negligence and gross negligence because all such claims arise out the same probation violation arrest and hearing, which has not been overturned or otherwise invalidated, and because Mr. Bleacher has failed to point to any evidence in the record raising a triable issue of fact as to these claims.

At the heart of Mr. Bleacher's claims is his argument that no conditions were attached to his probation as opposed to his parole and, therefore, he claims he was not obligated to comply with the Sex Offender Special Condition B, which prohibits ownership, possession and viewing of any photographs, magazines, movies or videotapes depicting nude men, women, or children,

---

[7] Although in his deposition Mr. Bleacher testified that he had his original copy, he has not produced any other copy to demonstrate that the copy he signed and received was different from the document presented by Ms. McKim at the probation violation hearing.

and which he was found to have violated. Mr. Bleacher completed his parole period on September 26, 2000, at which time his probation period commenced. Therefore, asserts Mr. Bleacher, the discovery of pornography at his residence did not constitute probable cause to arrest because on February 14, 2002, he was on probation, not on parole, and thus was entitled to possess and view pornography. Mr. Bleacher further alleges that the Defendants lied and forged documents to ensure his conviction on the probation violation and to prevent him from obtaining custody of his daughter.

To succeed in a Section 1983 action, a claimant must prove that a person acting under color of state law violated the claimant's constitutional rights. Robb. v. City of Philadelphia, 733 F.2d 286, 290-91 (3d Cir. 1984). The proper inquiry in a Section 1983 claim based on false arrest is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). If the arresting officer lacked probable cause to make the arrest, the arrestee also has a claim under Section 1983 for "false imprisonment based on a detention pursuant to that arrest." Groman, 47 F.3d at 636.

The Defendants argue that Mr. Bleacher's Section 1983 claims fail as a matter of law because the underlying probation violation judgment of sentence has not been overturned or otherwise invalidated. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by

>  a State Tribunal authorized to make such determination, or called into
>  question by a Federal Court's issuance of a *Writ of Habeas Corpus*."

Id. at 486-87.[8] Thus, unless a criminal conviction or sentence is overturned or invalidated, a prisoner may not succeed in a civil action for damages[9] challenging the basis for the conviction. Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997).

Here, the PCRA court dismissed the two counts of Megan's Law violations and the probation violation as to those counts, but upheld Mr. Bleacher's guilty plea on the Criminal Attempt charge and the probation revocation and judgment of sentence as to that charge. The Pennsylvania Superior Court affirmed the PRCA court's decision. The Amended Complaint (filed December 16, 2004) states that the Criminal Attempt guilty plea is "currently on appeal." It is not clear to the Court what subsequent appeals have been or are being pursued, other than Mr. Bleacher's federal court Petition for Writ of Habeas Corpus, which was dismissed without

---

[8] To the extent Heck has been undermined or called into doubt, the Court follows the Court of Appeals for the Third Circuit in adhering to the Supreme Court's "admonition to lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court the prerogative of overruling its own decisions." Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (citing Agostini v. Felton, 521 U.S. 203, 237 (1997)).

[9] The Amended Complaint does not specify precisely what damages are sought beyond a generalized claim for "compensatory and punitive damages," as well as "emotional stress damages" and "equitable relief." The nature of the equitable relief sought is unclear, but relates to Mr. Bleacher's guilty plea on the Criminal Attempt charge. See Amended Compl. 18 ("The plaintiff asks for additional equitable relief: Judges have the ability to reinstate plaintiff's original guilty plea, i.e., contract."). The Court assumes that Mr. Bleacher does not in fact wish to "reinstate" his guilty plea, since he has previously sought to withdraw it on the grounds that he was "induced" to plead guilty on the Criminal Attempt charge. In any event, without attempting to decipher the relief actually sought, it suffices to note that the validity of Mr. Bleacher's guilty plea is not before this Court because Mr. Bleacher's Amended Complaint concerns only his arrest, probation revocation and subsequent imprisonment. Therefore, Heck is controlling since this is essentially a Section 1983 action for monetary damages.

prejudice.  See Order Dismissing Civil Action Without Prejudice, Docket No. 3, Civil Action No. 06-238 (E.D. Pa. June 5, 2006).[10]  Thus, nothing in the record indicates that Mr. Bleacher's underlying Criminal Attempt guilty plea or probation revocation and judgment of sentence with respect to that offense have been overturned or otherwise invalidated.

Nonetheless, if a successful claim "will not demonstrate the invalidity of any outstanding criminal judgment, it should be allowed to proceed, in the absence of some other bar to the suit." Heck, 512 U.S. at 487.  For example, an action for damages attributable to an allegedly unreasonable search may proceed "even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the plaintiff's still-outstanding conviction" because "such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." Heck, 512 U.S. at 487 n.7 (emphasis in original); see also Wolff v. McDonnell, 481 U.S. 539 (1974) (holding that, where use of wrong procedures did not necessarily vitiate the result, a Section 1983 claim for using the wrong procedures, not for reaching the wrong result, in denying good-time credits to prisoner did *not* call into question the lawfulness of the plaintiff's continuing confinement); Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (holding that a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest and, therefore, "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which *necessarily* implicate the validity of a conviction or sentence") (emphasis in original); Nelson,

---

[10] Abstention may be appropriate where, for example, a state criminal defendant such Mr. Bleacher brings a federal civil rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action.  Heck, 520 U.S. at 487 n.8.  Here, however, the Court is unaware of any pending appeal or habeas action.

109 F.3d at 145-46 (holding that where Section 1983 plaintiff claims that a lawful arrest was effectuated in an unlawful manner, a finding that arresting officer used "excessive substantial force" would not imply that the arrest was unlawful or throw into doubt the validity of the conviction because "it is possible for a finding that [the plaintiff] was resisting arrest to coexist with a finding that the police used excessive force to subdue him").

Here, in contrast to Wolff, Montgomery and Nelson, the success of Mr. Bleacher's Section 1983 claims for false arrest and false imprisonment would unnecessarily call into question the validity of Mr. Bleacher's probation revocation and judgment of sentence because his arrest was based on the same interpretation of the probation conditions as was the probation violation judgment (i.e., that Condition B of the Sex Offender Program applied to Mr. Bleacher's probation period as well as his parole period). A finding that the Defendants did not have probable cause to arrest Mr. Bleacher upon finding pornography in his house is dependent upon a determination that the no-pornography condition did not apply to Mr. Bleacher's probation period. This determination *necessarily* invalidates Mr. Bleacher's probation revocation and judgment of sentence because his probation was revoked for violation of the no-pornography condition. If that condition did not apply to the probation period, there would have been no violation. In other words, in order to prevail on his false arrest and false imprisonment claims, Mr. Bleacher "would have to negate an element of the offense of which he has been convicted," see Heck, 512 U.S. at 487 n.6, which, pursuant to Heck, renders his claims "not cognizable under § 1983," id. at 486-87.

In his Amended Complaint, Mr. Bleacher concedes that a conviction presumptively establishes the existence of probable cause with respect to the subject charges, Heck, 512 U.S. at

486 n.4, but asserts that the exception to this rule, applicable in cases where the conviction is shown to have been achieved through fraud, perjury, or corruption, id. (citing Crescent City Live Stock Co. v. Butchers' Union Slaughter-House Co., 120 U.S. 141, 151 (1887)), applies in the present case.

      Nothing in the record beyond Mr. Bleacher's bare allegations suggests that his guilty plea and probation violation were achieved through fraud, perjury or corruption. As noted by the Pennsylvania Superior Court as well as the PCRA court, it was reasonable to conclude that Condition B of the Sex Offenders Program (relating to pornography) applied to both Mr. Bleacher's parole *and* probation. Commonwealth v. Bleacher, No. 1481 MDA 2003, at 19-21 (Pa. Super Ct. 2004) (unpublished opinion) (citing N.T. Guilty Plea, 1/18/00, at 2-3, where in presenting plea agreement to the trial court, the prosecutor specifically stated that "[a]s a condition of his supervision, counseling is deemed to include, but is not limited to, the sex offender counseling. Special conditions for the sex offender program applies [sic]," and Mr. Bleacher did not disagree).

      Mr. Bleacher's other claims are also precluded under Heck because success on those claims would likewise necessarily invalidate the probation revocation and judgment of sentence. Mr. Bleacher alleges that the Defendants falsely testified and submitted false documents during the probation violation hearing and "conspired" to find him guilty. These claims challenge evidence essential to the determination that Mr. Bleacher violated his parole, and, therefore, essential to the validity of the consequent probation revocation and judgment of sentence. Thus, as with Mr. Bleacher's false arrest and false imprisonment claims, success on these claims (i.e., a finding that the Defendants did in fact lie and/or otherwise conspire to find Mr. Bleacher guilty)

would *necessarily* cast doubt on the validity of his probation revocation and judgment of sentence.

Thus, Mr. Bleacher's Section 1983 claims currently are not cognizable because his action to recover damages necessarily implicates the validity of his probation revocation and judgment of sentence, and Mr. Bleacher has not proved that the probation revocation and judgment of sentence have been reversed, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus.

### IV.   CONCLUSION

In light of the foregoing, the Court finds that summary judgment is appropriate and the Motion for Summary Judgment will be granted in favor of the Defendants. An appropriate order consistent with this Memorandum follows.

                                         BY THE COURT:


                                         S/Gene E.K. Pratter
                                         GENE E.K. PRATTER
                                         UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN K. BLEACHER,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CHRISTINE RIVERS, et al.,** | : | |
| Defendants | : | **NO. 05-756** |

## ORDER

AND NOW, this 12th day of February, 2007, upon consideration of the Defendants' unopposed Motion for Summary Judgment (Docket Nos. 22, 23, 24, 25, 26), it is hereby ORDERED that the Motion is GRANTED.

The Clerk of the Court is instructed to close the case for all purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge